UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:12-cv-430-FDW
3:09-cr-00026-FDW-1

| | |
|---|---|
| ANTHONY J. HERRON, | ) |
| | ) |
| Petitioner, | ) |
| v. | ) |
| | ) **ORDER** |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Respondent. | ) |

**THIS MATTER** is before the Court on an initial review of Petitioner's Motion to Vacate, Set Aside or Correct Sentence filed pursuant to 28 U.S.C. § 2255. (Doc. No. 1). After reviewing the motion and the record in this matter, the Court finds that Petitioner's Section 2255 motion should be denied and dismissed.

## I. BACKGROUND

On February 17, 2009, Petitioner was named as the sole defendant in a three-count Indictment returned by the grand jury sitting within the Western District. Count One charged Petitioner with knowingly possessing with intent to distribute cocaine, in violation of 21 U.S.C. §§ 841(a)(1), and 841(b)(1) and in violation of 18 U.S.C. § 2. (3:09-cr-00026, Doc. No. 1: Bill of Indictment). Count Two charged Petitioner with aiding and abetting others in relation to a drug trafficking crime by carrying a firearm in furtherance of said drug trafficking crime, in violation of 18 U.S.C. §§ 924(c)(1) and 2. Count Three charged Petitioner with being a felon-in-possession of a firearm because Petitioner had previously been convicted of a crime punishable by a term of imprisonment in excess of one year, all in violation of 18 U.S.C. §§ 922(g)(1) and 2**.**

Petitioner was appointed counsel and later entered guilty pleas to all three counts in his

1

Indictment, without benefit of plea agreement. (Doc. No. 13: Acceptance and Entry of Guilty Plea). The U.S. Probation Office prepared a presentence report ("PSR") in advance of Petitioner's sentencing hearing which identified previous convictions, for among other offenses, (1) possession with intent to sell and deliver cocaine in 2002, where Petitioner was sentenced to a suspended term of 12-15 months imprisonment; and (2) assault inflicting serious bodily injury in 2003 for which Petitioner was sentenced to a suspended term of 26-32 months imprisonment. (Doc. No. 19: PSR ¶¶ 46-47). While Petitioner did file objections to the PSR, he did not object to the above-noted convictions.

Prior to sentencing, Petitioner's counsel filed a motion for a downward departure based on physical impairment under U.S.S.G. § 5H1.4, and based on § 4A1.3, which allows for departure if the defendant's criminal history score did not adequately represent the serious nature of Petitioner's criminal record or his likelihood of recidivism. (Doc. No. 29: Sealed Sentencing Memorandum at 1-3).

On April 20, 2011, Petitioner appeared with counsel for his sentencing hearing. The Court sentenced Petitioner below the advisory guidelines to 151 months imprisonment on Count One, and 120 months imprisonment for conviction of Count Three to run concurrently with the sentence in Count One. Petitioner was sentenced to a 60-month term of imprisonment for conviction on Count Two which was set to run consecutively to the sentences imposed in Counts One and Three. (Doc. No. 30: Judgment in a Criminal Case).

Petitioner did not file an appeal from his conviction or sentence. Petitioner has instead filed the instant motion seeking to vacate his sentence based on the Fourth Circuit's opinion in United States v. Simmons, 649 F.3d 237 (4th Cir. 2011) (en banc). Petitioner contends that the Fourth Circuit's holding in Simmons demonstrates that his prior state convictions do not qualify

him for the career offender enhancement noted in his PSR. (3:12-cv-430, Doc. No. 1 at 1-2).

## II. STANDARD OF REVIEW

Pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings, sentencing courts are directed to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings" in order to determine whether a petitioner is entitled to any relief. After having considered the record in this matter, the Court finds that no response is necessary from the United States. Further, the Court finds that this matter can be resolved without an evidentiary hearing. See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

## III. DISCUSSION

Petitioner contends that his prior convictions do not qualify him as a career offender under the provisions of U.S.S.G. § 4B1.1 (2009), based on the Fourth Circuit's holding in United States v. Simmons. A defendant is a career offender under § 4B1.1(a) if the following conditions are satisfied:

> (1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense.

In Simmons, the Fourth Circuit held that in order for a prior felony conviction to serve as a predicate offense [for either a crime of violence or a controlled substance offense], the individual defendant must have been convicted of an offense for which *that* defendant could be sentenced to a term exceeding one year. Simmons, 649 F.3d at 243 (emphasis added). In reaching this holding, the Simmons Court expressly overruled United States v. Harp, 406 F.3d 242 (4th Cir. 2005), which held that in determining "whether a conviction is for a crime punishable by a prison term exceeding one year [under North Carolina law] we consider the

3

maximum aggravated sentence that could be imposed for that crime upon a defendant with the worst possible criminal history." Id. (quoting Harp, 406 F.3d at 246) (emphasis omitted).

Section 2255 provides a petitioner with an avenue to attack the legality of his sentence. 28 U.S.C. § 2255(a) provides as follows:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or **that the sentence was in excess of the maximum authorized by law**, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

(emphasis added).

As noted, Petitioner did not file an appeal from his criminal judgment so Petitioner's judgment became final 14 days after the judgment was entered, or on or about May 14, 2011. See FED. R. APP. P. 4(b)(1)(A)(i). This raises the question of whether Petitioner's Section 2255 is timely, as his motion was not filed until the earliest date of July 11, 2012. A claim in a Section 2255 proceeding which is not brought within one year under Section 2255(f) is procedurally barred unless, for instance, it is subject equitable tolling.[1] A district court may sua sponte consider the timeliness of a Section 2255 motion. Day v. McDonough, 547 U.S. 198, 206, 209 n.11 (2006) (finding that the court can sua sponte consider the timeliness of a Section 2254 petition).

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act

---

[1] In order to receive the extraordinary benefit of equitable tolling, Petitioner must show that he has been diligently pursuing his rights to collateral relief and that failure to apply equitable tolling to excuse the one-year time limitation would result in a "gross injustice." See Rouse v. Lee, 339 F.3d 238, 246 (4th Cir. 2003). As the Court concludes below, Petitioner has no claim at all, therefore his motion cannot be saved by equitable tolling even if the Court had concluded that it was untimely.

(the "AEDPA"). Among other things, the AEDPA amended 28 U.S.C. § 2255 to include a one-year statute of limitations period for the filing of a motion to vacate. The limitation period runs from the latest of,

>(1) the date on which the judgment of conviction becomes final;
>
>(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
>(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f)(1)-(4).

Petitioner explains that his Section 2255 motion is timely under either § 2255(f)(2) or (4). (3:12-cv-430, Doc. No. 1 at 4-6). Even if the petition itself were timely under § 2255, which the Court does not pass upon in this ruling, Petitioner would be entitled to no relief in this collateral proceeding.[2]

Petitioner was convicted in Count One of possession with intent to distribute cocaine, in violation of 21 U.S.C. § 841(a) and 841(b) (penalty provision for violation § 841(a)). There is no question that conviction for Count One qualifies as a controlled substance offense for the purpose of determining whether Petitioner was a career offender.

Following the Court's grant of Petitioner's motion for downward departure, Petitioner

---

[2] The Court finds that based on Petitioner's discussion of timeliness, the rule articulated in Hill v. Braxton, 277 F.3d 701(4th Cir. 2002), has been satisfied. In Hill v. Braxton, the Fourth Circuit found that district courts are required to advise a pro se petitioner that his habeas motion or petition is subject to dismissal as time-barred under the AEDPA, and to give petitioner an opportunity to explain his delay before entering a sua sponte dismissal of the case. Id. at 706.

was ultimately sentenced to a term of 151 months for conviction on Count One, a consecutive term of 120 months on Count Three, and a consecutive term of 60 months for conviction on Count Two of his Indictment (felon-in-possession). Petitioner's PSR identifies a prior conviction for possession with intent to sell and deliver cocaine sustained in North Carolina state court in 2002; Petitioner was sentenced to a term of 12-15 months imprisonment on this conviction. (3:09-cr-00026, Doc. No. 19: PSR ¶ 46). Petitioner was also sentenced to a suspended term of 26-32 months for conviction of assault inflicting serious bodily injury. (Id. ¶ 47). Thus, Petitioner's status as a career offender for convictions of both a felony controlled substance offense and for a crime of violence under U.S.S.G. § 4B1.1 is fully supported by the record, as he was sentenced for convictions in which he actually faced more than one year in prison. The holding in Simmons provides Petitioner with no relief.[3] Moreover, Petitioner's sentence of 151 months is fully within the maximum sentence authorized under Section 841(b)(1)(A)–that is, not less than 10-years and not more than life. As such, Petitioner's challenge must fail under the plain terms of 28 U.S.C. § 2255(a) (providing for attack of sentence that is in excess of that maximum as authorized by law).

      The Fourth Circuit recently addressed a set of facts similar to the facts that are present in Petitioner's case as it pertains whether a sentence was proper following conviction under Section 841(a). In United States v. Powell, 691 F.3d 554 (4th Cir. 2012), a three-judge panel concurred in the judgment which found that Powell's challenge to his twenty-year term of imprisonment based on a prior state drug conviction for which he was not sentenced to more than one year could not succeed. In 2004, Powell had been convicted under 21 U.S.C. § 846 of conspiring

---

[3] Petitioner did not challenge these convictions as set out in his PSR, and the Court adopted the PSR without change. (3:09-cr-00026, Doc. No. 31: Statement of Reasons at 1).

within intent to distribute crack cocaine. Powell was sentenced pursuant to the provisions of 21 U.S.C. § 841(b)(1)(A) which, as noted, provides for a sentence of no less than ten years and not more than life imprisonment. The Court considered the Section 851 notice of enhancement that had been filed by the Government. The Section 851 notice provided that because Powell had been convicted of a prior controlled substance offense, he was subject to a mandatory term of 240 months imprisonment. The Court found that, despite the § 851 notice, under § 841(b)(1)(A), Petitioner was still subject to a maximum term of imprisonment of life. The Court then agreed that because Powell was still sentenced within the maximum, despite the Section 851 notice, he was not entitled to relief.

While there was no Section 851 notice filed in this case, Petitioner does not contest his 151-month sentence under Section 841(b)(1)(A). Rather, Petitioner contends that the prior convictions from his PSR did not qualify him as a career offender. The Court has found that Petitioner's sentence of 151 months was within the maximum under Section 841(b)(1)(A)–that is, no less than ten years and not more than life. This alone is sufficient to deny his Section 2255 motion, and Petitioner does not argue that the imposition of a consecutive sentence of 60 months for conviction on Count Two is a ground to attack his 151-month sentence.

As discussed, however, the Court also finds that Petitioner was properly sentenced as a career offender based on his prior convictions, as identified herein. Petitioner's arguments regarding the propriety of relying on his previous convictions is without merit based on the evidence contained in his PSR. Accordingly, Petitioner is not entitled to relief in this Section 2255 proceeding.

## IV.  CONCLUSION

**IT IS, THEREFORE, ORDERED** that Petitioner's Section 2255 motion is **DENIED**

and **DISMISSED**. (Doc. No.1).

**IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2255 Cases, this Court declines to issue a certificate of appealability as Petitioner has not made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 474, 484 (2000) (holding that when relief is denied on procedural grounds, a petitioner must establish both that the correctness of the dispositive procedural ruling is debatable, and that the petition states a debatably valid claim of the denial of a constitutional right).

Signed: October 17, 2012

Frank D. Whitney
United States District Judge